## THE WOODWARD.

### CASKEY and others v. THE WOODWARD.

*(District Court, W. D. Pennsylvania. October 15, 1887.)*

MARITIME LIENS—PRIORITY OVER INSURANCE LIEN.
In the distribution of the proceeds of sale of a vessel, maritime liens are to be preferred over liens created by state statute for premiums of insurance.

In Admiralty. *Sur* exceptions to the report of the commissioner appointed to distribute the fund in the registry of the court from the sale of said vessel.

*Knox & Reed*, for exceptants.

*Willis F. McCook* and *Geo. C. Wilson*, contra.

ACHESON, J. 1. That claimants who have maritime liens are to be preferred, in the distribution of the proceeds of sale of a vessel, over those having domestic liens existing only by virtue of state statute, has long been the established rule in this district. This right of priority was distinctly recognized in *Shrodes* v. *Collier*, 2 Pittsb. Leg. J. 319, by Mr. Justice GRIER, who, speaking of liens for materials, supplies, etc., at the home port, given by the Pennsylvania act of April 20, 1858, said: "The maritime liens being first satisfied, the surplus in the registry of the court should be distributed to the parties having these liens in their order." This subject was carefully considered by Judge BUTLER of the Eastern district of Pennsylvania, in the case of *The E. A. Barnard*, 2 Fed. Rep. 712, and the conclusion reached that liens given by state legislation for repairs to a vessel at her home port are to be subordinated to liens created by the maritime law. The reasoning of Judge BUTLER is cogent, and his opinion well sustained by the citation of numerous authorities. More recently, indeed, in the Sixth circuit, in the cases of *The Gen. Burnside*, 3 Fed. Rep. 228, and *The Guiding Star*, 18 Fed. Rep. 263, it has been held (contrary to the doctrine maintained in the earlier case of *The Superior*, 1 Newb. Adm. 176) that claims for materials, etc., which have arisen at the home port, for which a lien is given by local law, are entitled in distribution to be put on an equality with liens strictly maritime. But I am not convinced that this is the better opinion; and, even if I were so satisfied, I would not feel at liberty to change the rule of distribution which has so long prevailed in this district. Adhering, then, to that rule, I sustain the commissioner in postponing the statutory claims for insurance premiums to the maritime liens.

2. After careful consideration of the evidence, I am not satisfied that the commissioner erred in rejecting the claim of A. J. Sweeny & Co. for the new cylinder. The opinion of Mr. Rees as an expert witness is entitled to weight, and I cannot say that the commissioner attached too much importance to his testimony, or, upon all the proofs, reached an unwarrantable conclusion.

3. In respect to the claims of Leander B. Woods, T. M. Jenkins & Co., and H. Fry & Son, I think that the conclusions of the commissioner are clearly right.

And now, October 15, 1887, the exceptions to the commissioner's report and schedule of distribution are overruled, and the court confirms the same absolutely; and it is ordered that the fund in the registry of the court be paid out in accordance with the commissioner's distribution, unless an appeal is taken within 10 days.